UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2446(DSD/SRN)

Aircraft Mechanics Fraternal Association ("AMFA"), et al.,

Plaintiffs, Counterdefendants and Third-Party Defendants,

v.

**ORDER**

Northwest Airlines, Inc.,

Defendants, Counterplaintiffs and Third-Party Plaintiffs.

Nicholas P. Granath, Esq., 4204 Ewing Avenue South, Minneapolis, MN 55410 and Lee Seham, Esq. and Seham, Seham, Meltz & Petersen, 11 Martine Avenue, Suite 1450, White Plains, NY 10606, counsel for plaintiffs.

Timothy R. Thornton, Esq. and Briggs & Morgan, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 and John J. Gallagher, Esq. and Paul, Hastings, Janofsky & Walker, 1299 Pennsylvania Avenue N.W., Washington, D.C. 20004, counsel for defendant.

This matter is before the court on plaintiffs' motion for voluntary dismissal without prejudice of its Amended Complaint pursuant to Fed. R. Civ. P. 41(a)(2), and upon defendants' motion to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Based upon the file, record and proceedings in this case, the court will: (1) grant plaintiffs' motion and partially grant defendants' motion; (2) dismiss all of plaintiffs' claims without

JAN 18 2001
FILED ______
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

prejudice; and (3) award defendants attorney's fees and costs in the amount of $10,000.00.

**BACKGROUND**

Plaintiffs commenced this action by filing a complaint on November 3, 2000. On November 17, 2000, plaintiffs filed a First Amended Complaint. Plaintiffs' Amended Complaint contains three counts alleging defendants': (1) failure to bargain in good faith in violation of Section 2, First of the Railway Labor Act, 45 U.S.C. § 152, First; (2) refusal to attempt to resolve disputes in good faith with respect to the backlog of approximately two thousand union grievances; and (3) failure to maintain the status quo in violation of Section 2, Seventh, and Section 6 of the Railway Labor Act ("RLA"), 45 U.S.C. § 152, Seventh, and 45 U.S.C. § 156.[1]

---

[1] Plaintiffs make an unsuccessful argument that since they never formally served defendants their Amended Complaint, defendants' action in answering was somehow unreasonable. The court notes, however, that under the Federal Rules of Procedure a civil action is commenced by the filing of the complaint. Fed. R. Civ. P. 3. Defendants were obviously put on notice of the commencement of this litigation, otherwise defendants would not have answered or brought their subsequent motions. Thus, the court concludes that any issue relating to initial service has been waived given the subsequent actions of the parties and by the fact that this issue was not raised by plaintiffs until they filed their motion for voluntary dismissal. A party may not seek to dismiss an action merely to escape an adverse decision. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999). Moreover, the court notes that plaintiffs' commencement of this lawsuit received widespread media and press coverage in spite of the lack of formal service upon defendants.

On November 28, 2000, defendants moved to dismiss with prejudice plaintiffs' Amended Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. On December 21, 2000, plaintiffs moved for voluntary dismissal without prejudice of their Amended Complaint under Fed. R. Civ. P. 41(a)(2).

For the reasons set forth, the court: (1) grants plaintiffs' motion to dismiss; and (2) grants in part defendants' motion to dismiss.[2] In addition, the court determines that an award of attorney's fees and costs to defendants is warranted in the amount of $10,000.00.

**DISCUSSION**

In a matter brought under the RLA before it can exercise jurisdiction the court must make an initial distinction as to whether the action reflects a "major" or "minor" dispute. See Elgin, J. & E. R.R. Co. v. Burley, 325 U.S. 711, 723 (1945). Major disputes involve the formation or modification of collective bargaining agreements. Id. Minor disputes involve grievances over the interpretation or application of agreements under the RLA. See

[2] The court notes that defendants' motion is only partially granted because while the court has granted defendants' motion to dismiss, it has done so without prejudice. See Wright & Miller, Federal Practice and Procedure, § 1350 (3d ed. 1990) (providing that a Rule 12(b)(1) dismissal for lack of jurisdiction is generally not on the merits but one of abatement and as such should be without prejudice); and id. § 1357 ("[a] dismissal under Rule 12(b)(6) generally is not final or on the merits" and is thus generally granted without prejudice).

Consol. Rail Corp. v. Ry. Labor Executives' Ass'n, 491 U.S. 299, 303 (1989).

The court lacks jurisdiction to resolve minor disputes since the exclusive jurisdiction to resolve minor disputes is vested in the appropriate Adjustment Board created under statute. See R.R. Trainmen v. Chicago River & I. R. Co., 353 U.S. 30, 39 (1957). In major disputes, the court's jurisdiction is limited to enforcing compliance with the mandatory procedures for the settlement of a collective bargaining dispute and in ensuring that neither party alters the status quo through self-help until those procedures are exhausted. See Chicago & N.W. Ry. Co. v. United Transp. Union, 402 U.S. 570, 581-582 (1971); and R.R. Telegraphers v. Chicago & N.W. Ry. Co., 362 U.S. 330, 341 (1960).

Furthermore, in major disputes, the National Mediation Board ("NMB") is obligated to mediate the dispute if requested by the parties. See Local 808, Bldg. Maintenance Serv. & R.R. Workers v. NMB, 888 F.2d 1428, 1432 (D.C. Cir. 1989). While the NMB has no specific statutory authority to regulate the bargaining process, except to determine when to release the parties from mediation and thus free them to exercise self help, it has been held that a district court may not make inquiries about the NMB's understanding of the parties' positions, about the basis for the NMB's belief that efforts to mediate might still be successful, or about the NMB's overall reasoning process. See id. at 1435. District courts

are cautioned to avoid interference in the collective bargaining process and are held to use "great circumspection" before finding a violation of Section 2, First of the RLA in cases where a party's behavior does not rise to a level that manifests a "desire not to reach an agreement." Chicago and N.W. Ry. Co., 402 U.S. at 579, n. 11. It has also been held that absent a showing of "patent official bad faith," the district court has no authority to review the NMB's decision regarding how the mediation process is conducted. Local 808, 888 F.2d at 1434.[3] Thus, the manner in which mediation is conducted, as well as its duration, is left to the judgment of the NMB and is only subject to judicial interference in rare and unusual circumstances. See Int'l Ass'n Machinists & Aerospace Workers v. NMB, 425 F.2d 527, 536-537 (D.C. Cir. 1970). This major dispute handling procedure was devised with an eye toward the general purposes of the statute as set forth in Section 2, which strives to avoid "any interruption to commerce or to the operation of any carrier engaged therein." 45 U.S.C. § 152 First (1998).

The Supreme Court has described the mandatory exhaustion of the major dispute settlement procedure as "an almost interminable

---

[3] It has also been held that allowance of discretion in the mediation process is necessary to protect the special role of the mediator as a confidant of both parties. See Local 808, 888 F.2d at 1435. Furthermore, in evaluating whether there has been "patent official bad faith" by virtue of the time that the dispute has been in mediation, several years is not considered to be an unusual length of time for mediation before the NMB. See id. at 1440.

process." Detroit & Toledo Shore Line R.R. v. United Transp. Union, 396 U.S. 142, 149 (1969). In that case it said:

> The Act's status quo requirement is central to its design. Its immediate effect is to prevent the union from striking and management from doing anything that would justify a strike. In the long run, delaying the time when the parties can resort to self-help provides time for tempers to cool, helps create an atmosphere in which rational bargaining can occur, and permits the forces of public opinion to be mobilized in favor of a settlement without a strike or lockout. Moreover, since disputes usually arise when one party wants to change the status quo without undue delay, the power which the Act gives the other party to preserve the status quo for a prolonged period will frequently make it worthwhile for the moving party to compromise with the interests of the other side and thus reach agreement without interruption to commerce.

396 U.S. at 150. Thus, the Section 2, First duty to exert every reasonable effort to settle disputes, which has been likened to the duty to bargain in good faith under the National Labor Relations Act, includes the good faith utilization of the mandatory major dispute settlement procedures by both parties to a dispute. Id.

Furthermore, the Supreme Court has made it clear that the courts have no business interfering in major disputes since the RLA provides a detailed procedural framework to facilitate the voluntary settlement of major disputes including placing the dispute under the auspices of the NMB . See Local 808, 888 F.2d at 1433 (citing Trans World Airlines v. Indep. Fed'n Flight Attendants, 489 U.S. 426, 441-442 (1989)). The effectiveness of

these private dispute resolution procedures depends on the initial assurance that neither party will be able to enlist the courts to further its own partisan ends. See Local 808, 888 F.2d at 1433-1434. The Supreme Court similarly concluded in Burlington Northern R.R. Co. v. Maintenance Employees that "[e]ven when a violation of a specific mandate of the RLA is shown, 'courts should hesitate to fix upon the injunctive remedy ... unless that remedy alone can effectively guard the plaintiff's right.'" 481 U.S. 429, 446 (1987) (quoting Int'l Ass'n of Machinists v. Street, 367 U.S. 740, 773 (1961)).

After reviewing plaintiffs' complaint and the respective motions before the court, the court concludes that on each of plaintiffs' counts there are several bases to warrant dismissal.

**A. Count One**

Count One of plaintiffs' Amended Complaint is dismissed without prejudice on several grounds. First, plaintiffs have moved this court for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Second, on defendants' motion the court concludes that this count fails as a matter of law to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[4]

---

[4] The court also notes that a third basis may exist warranting dismissal under Fed. R. Civ. P. 12(b)(1) in that the court is not entirely convinced that it has jurisdiction on this claim on the facts alleged here given the present involvement of the NMB and the failure of plaintiffs to allege patent official bad faith. See Local 808, 888 F.2d at 1433 ("courts have no business interfering (continued...)

Rule 12(b)(6) provides that a party may move to dismiss a complaint where the complaint does not state a cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court takes all facts alleged in plaintiff's complaint as true. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the court must construe the allegations in the complaint and reasonable inferences arising from the complaint in the light most favorable to the plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The court will dismiss a complaint only when it appears plaintiff cannot prove any set of facts that support the claim. See Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

Count One asserts that defendants have refused to bargain or comply with the bargaining procedures set forth under the RLA. While this court has jurisdiction over the enforcement of compliance with the mandatory procedures for the settlement of a collective bargaining major dispute, the court must exercise caution when disputes are already under the general supervision of the NMB. See Local 808, 888 F. 2d at 1431, n. 3. The NMB has broad latitude in managing the mediation process and judicial review of NMB actions is "extraordinarily limited." Id. at 1433.

---

[4](...continued) in major disputes" under the auspices of the NMB absent a showing of patent official bad faith).

The NMB's power to hold a dispute in mediation, or similarly suspend mediation, is the key to the structure Congress has established for bringing about settlements. See id. at 1432.

In the present case, the parties are currently engaged in bargaining under the auspices of the NMB, and plaintiff does not allege patent official bad faith or an exhaustion of the formal procedures of the RLA sufficient to support a legal claim on this basis. See Local 888, 888 F.2d at 1433 ("the Supreme Court has made it clear that the courts have no business interfering in major disputes under the RLA"). Moreover, neither party's behavior rises to a level that manifests a "desire not to reach an agreement." Chicago and N.W. Ry. Co., 402 U.S. at 579, n. 11. The court thus concludes that plaintiffs' Count One fails to state a cause of action upon which relief can be granted.[5] Dismissal of Count One is thereby granted.

---

[5] As a preliminary matter, the court notes that parties have submitted with their responsive pleadings numerous affidavits which purport to describe in greater detail the parties' conduct. "[A]ny written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings" constitutes "matters outside the pleadings." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by the court in determining the Rule 12(b)(6) motion, the court must convert the motion to one for summary judgment. See Fed. R. Civ. P. 12(b)(6). Because this lawsuit is in its earliest stages, the court believes a motion for summary judgment is premature and will disregard the affidavits submitted by plaintiff for purposes of this Rule 12 (b)(6) motion and treat this matter as a motion to dismiss on the pleadings. However, the court will consider these affidavits in determining other motions before this court.

**B. Count Two**

As to Count Two of plaintiffs' Amended Complaint, the court finds two bases to dismiss without prejudice: plaintiffs' own motion to dismiss under Fed. R. Civ. P. 41(a)(2) and defendants' motion under Fed. R. Civ. P. 12(b)(1), since the court concludes that it lacks subject matter jurisdiction over this count.

Plaintiffs base Count Two upon an alleged backlog of grievances between the union and the airline. Under the RLA, any dispute that relates to the interpretation or application of a collective bargaining agreement is a minor dispute. See Conrail, 491 U.S. at 305. This court lacks jurisdiction over minor disputes. See id. at 303. Thus, the court must dismiss this count without prejudice under Fed. R. Civ. P. 12(b)(1). See id. at 303-04 (System Board of Adjustment, not district court, has exclusive jurisdiction over minor disputes); Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987) (supporting that dismissal without prejudice is proper when court lacks subject matter jurisdiction).

**C. Count Three**

There are two bases for dismissal of Count Three: plaintiffs' own motion for voluntary dismissal under Fed. R. Civ. P. 41; and defendants' Rule 12 motion. Count Three purports to plead an alleged failure on the part of defendants to maintain the status

quo,[6] however, upon closer scrutiny of the underlying matters in dispute, the court concludes that this claim more accurately reflects a minor dispute, and as such, is outside this court's jurisdiction. That is, the underlying basis of any claim alleged by Count Three is simply another minor dispute subject to the jurisdiction of the System Board of Adjustment under the RLA. See Conrail, 491 U.S. at 303-04.[7] Accordingly, Count Three is dismissed. The court also notes that plaintiffs tacitly acknowledge that this claim fails as a matter of law and should be withdrawn in their own papers supporting the motion for voluntary dismissal under Fed. R. Civ. P. 41(a). (See Pl.'s Mem. Supp. Mot. to Dismiss at 19.)

**D. Costs and Fees**

Lastly, the court concludes that the unique dimensions and specific circumstances of this case mandate the awarding of some attorney's fees and costs to defendants. See Kern v. TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir. 1984) ("payment to the defendant of the expenses and a reasonable attorney fee may properly be a

---

[6] The court recognizes that it may have jurisdiction over a properly plead status quo violation under the RLA. See Chicago and N.W. Ry. Co., 402 U.S. at 581; R.R. Telegraphers, 362 U.S. at 330.

[7] In Conrail the Supreme Court set forth the following standard to determine if a dispute is minor: "the formal demarcation between major and minor disputes does not turn on a case-by-case determination of the importance of the issue presented," but on "whether a claim has been made that the terms of the existing agreement either establish or refute the presence of a right to take the disputed action." 491 U.S. at 305.

condition for dismissal without prejudice"). While the court notes that defendants have submitted adequate documentation reflecting that they have incurred substantially higher costs and fees, the court in its discretion determines that reduced fees and costs are appropriate here. The court concludes that fees and costs in the amount of $10,000.00 shall be awarded to defendants within thirty (30) days of the issuance of this order.

**CONCLUSION**

Upon plaintiffs' motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and defendants' motion for dismissal under Fed. R. Civ. P. 12(b)(1) and (6), **IT IS HEREBY ORDERED** that: (1) plaintiffs' motion is granted and defendants' motion is granted in part; (2) all of plaintiffs' claims are dismissed without prejudice; and (3) defendants are awarded attorney's fees and costs in the amount of $10,000.00.

Dated: January 18, 2001

David S. Doty, Judge
United States District Court