UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Aircraft Mechanics Fraternal Association (AMFA), and AMFA Locals, 2, 5, 14, 19, 33, 34, 35, 37 and 38,**

**Civil No. 00-2446 (DSD/SRN)**

**Plaintiffs, and Counter-Defendants,**

**v.**

**DISCOVERY ORDER**

**Northwest Airlines, Inc. (NWA), a Minnesota Corporation, and**

**Jack Bavis, both as an individual and as agent of Northwest Airlines, Inc.**

**Defendants, Counter-Claimants, and Third Party Plaintiff,**

**v.**

**O.V. Delle-Femine, et al.**

**Third Party Defendants.**

---

Nicholas P. Granath on behalf of the Aircraft Mechanics Fraternal Association.

Timothy R. Thornton on behalf of Northwest Airlines, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above captioned matter came before the undersigned United States Magistrate Judge on the following motions: (1) AMFA's First Motion to Limit Depositions pursuant to Fed. R. Civ. P. 30(d) heard on February 5, 2001; (2) AMFA's Second Motion to Terminate and/or Limit



FILED FEB 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Depositions pursuant to Fed. R. Civ. P. 30(d)(4) heard on February 6, 2001; and (3) NWA's Motion to Compel Discovery and Assess Sanctions heard on February 9, 2001.[1]

**I. AMFA's First Motion to Limit Depositions**

On February 5, 2001, AMFA filed a motion to limit depositions pursuant to Fed. R. Civ. P. 30(d). (Doc. No. 102.) AMFA argued that the depositions of the AMFA 30(b)(6) designee, Jim Young, and Steve Mac Farlane, which were scheduled for February 5, 2001, should be postponed due to renewed negotiations.[2] (Doc. No. 103, p.2.) On February 4, 2001, the National Mediation Board ("NMB") summoned the negotiation teams of both parties to Washington D.C. for a meeting to commence at 4:00 p.m. on February 5, 2001. (Doc. No. 103., p. 1.)

Although neither Mr. Young nor Mr. Mac Farlane are members of the negotiating team, AMFA argued that these two men should be excused from their depositions because they were the liaisons between the AMFA negotiating team in Washington D.C. and the local constituents.[3] (Doc. No. 103, p. 2.) The Court noted that it was sensitive to the needs of the local union members to be informed of the developments during negotiations. However, the negotiation teams were traveling to Washington D.C. on Monday, February 5, 2001, and were not scheduled for any meetings until 4:00 p.m. Therefore, the Court ordered that the February 5, 2001, depositions continue, but made it clear that the deponents were to be excused from their

---

[1]Due to the nature and timing of these disputes, the motions were heard via telephone conference call. The Court ruled on all three motions during the hearings; this Order reiterates those rulings in written form.

[2]Jim Young represented AMFA in the Rule 30(b)(6) deposition. (Doc. No. 103, p. 2.)

[3]Jim Young is the Regional Director of AMFA and Steve Mac Farlane is the President of Local 33. (Doc. No. 103, p. 2.)

depositions to take phone calls concerning the negotiations.

## II. AMFA's Second Motion to Limit Depositions

On February 6, 2001, AMFA brought a motion pursuant to Fed. R. Civ. P. 30(d)(4) to terminate and/or limit the taking of depositions. (Doc. No. 105.) AMFA argued that the depositions should be terminated because (1) the parties were resuming negotiations with the NMB, and (2) the depositions taken on February 5, 2001, were conducted in a manner calculated to, or having the effect of, unreasonably annoying, embarrassing and oppressing AMFA and the deponents. (Doc. No. 106, pp. 1-2.)

At the February 6, 2001, conference all, the Court stated that individuals directly involved in negotiations with the NMB would not be deposed during negotiations, but that parties not directly involved in the NMB negotiations were not relieved of their scheduled depositions. The Court reiterated that post-release strike strategy was not an appropriate area of inquiry during the depositions; however, any pre-release inquiry would be allowed. In addition, inquiry into home and office computer use is also appropriate.[4]

The Court addressed AMFA's other concerns about deposition decorum by asking the parties to work with one another in a civil manner. For example, the parties should attempt to stay within the confines of the deposition time frames and allow for one hour meal breaks. In conclusion, the parties were encouraged to seek the assistance of the Court if they were unable to

---

[4]AMFA asserts that this Court's February 2, 2001, Protective Order prohibits such an inquiry. The February 2, 2001, Order stated that: "No electronically stored data discovery will occur without a further showing to the Court." (Doc. No. 100, p.3.) NWA is attempting to create the required factual record as per this Order, therefore, inquiry into the use of home and office computers is proper.

resolve disputes that arise during the depositions.

## III. NWA's Motion to Compel Discovery and Assess Sanctions

On February 7, 2001, NWA filed a Motion to Compel Discovery and Assess Sanctions, which was heard via telephone conference call on February 9, 2001. (Doc. No. 104.) As a preliminary matter, NWA objected to AMFA's responses to NWA document requests. AMFA responded to fourteen of the twenty-two document requests by repeatedly listing the same twenty-four affidavits for each response without any further specifications. The Court required AMFA to amend its answers to all of the insufficient responses by February 12, 2001. The Court also made the following deadlines for the production of specific documents:

1. TRO and preliminary injunction compliance documents must be disclosed by February 12, 2001.
2. Meeting minutes or a privilege log due by February 14, 2001.
3. A paralegel from NWA will visit Local 33 to review website archives.
4. MacFarlane Documents or a privilege log due by February 16, 2001.
5. Documents concerning codewords due by February 12, 2001
6. Information regarding the basis for the AMFA lawsuit due by February 14, 2001.
7. Documents evidencing that NWA violated the RLA due by February 14, 2001.

The Court denied NWA's request for sanctions.

In addition to the motion to compel, the parties also discussed issues relating to depositions during the February 9, 2001, conference call. NWA asked to depose six additional people, because it had reports that members of Shop Committee B and Shop Committee C were discussing CHAOS and wildcatting activity. The Court allowed NWA to depose a total of two

additional people, one from each shop committee. These depositions will take place during the week of February 19, 2001.

AMFA anticipated that it will conduct twelve depositions beginning the week of February 20, 2001, and agreed to notice NWA of these depositions no later then February 13, 2001. AMFA also agreed to make discrete document requests of NWA by February 12, 2001.

As a final matter, the Court reiterated that the 48-hour rule for deposition document production flowed from the deposition schedule. Documents must be produced 48-hours prior to the scheduled deposition even if the deposition time or date is rescheduled.

## IV. Deposition Schedule as of February 12, 2001

On February 12, 2001, during the most recent conference call, the parties agreed to the following deposition schedule:

| | Track 1 | Track 2 |
|---|---|---|
| Tuesday: 2/13/01 | 8:00 a.m. Diamond (Atlanta)<br>11:30 a.m. Chandler (Atlanta)<br>3:00 p.m. Poole (Atlanta) | 8:30 a.m. Grout (Minneapolis)<br>8:30 a.m. Allen (Minneapolis) |
| Wednesday: 2/14/01 | 8:30 a.m. Delle Femine<br>6:00 p.m. Harvey | 8:30 a.m. Modderman<br>1:30 p.m. Buchanan |
| Thursday: 2/15/01 | 8:30 a.m. Remeneski | 8:30 a.m. Bailey |

On Tuesday, February 20, 2001, NWA will depose the two people from the shop committees. NWA agreed to provide AMFA with the names of these two people by February 12, 2001. Mr. Hesselgrave's deposition is the only deposition that is not yet scheduled. Mr. Granath agreed to check with Mr. Hesselgrave concerning his schedule and will notify the Court and

NWA as soon as possible. AMFA will begin its depositions one week later than anticipated and will start on February 27, 2001. AMFA will notice NWA of the depositions and make discrete document requests by February 13, 2001.[5]

**Therefore, IT IS HEREBY ORDERED that:**

1. AMFA's Motion to Limit Depositions pursuant to Fed. R. Civ. P 30(d) (Doc. No. 102) is **DENIED**;

2. AMFA's Motion to Terminate and/or Limit Deposition pursuant to Fed. R. Civ. P. 30(d)(4) (Doc. No. 105) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order;

3. NWA's Motion to Compel Discovery (Doc. No. 104) is **GRANTED** consistent with this Order; and

4. NWA's Motion for Sanctions (Doc. No. 104) is **DENIED**.

Dated: February 14, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge

[5]AMFA asked, and the Court agreed, to a one day extension for making the document requests. The document requests were originally due on February 12, 2001, but are now due on February 13, 2001.